**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| JOHN E. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-1068-GBW-SRF |
| | ) | |
| LT. ROBERT HEISHMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

At Wilmington this **15th** day of **July, 2026**, having reviewed the renewed motion of the Delaware Department of Justice and Sehr Rana to withdraw as counsel for defendant Kevin Senato (D.I. 68), and Plaintiff's motion to compel discovery (D.I. 69), and having heard argument on the motion on July 15, 2026, IT IS ORDERED that the motion to withdraw and the motion to compel are GRANTED as follows:

1.      **Background.** Senato was named as a defendant in this case for events that occurred when he worked as a correctional officer serving as the Security Superintendent. (D.I. 39 at 3) Senato has since retired. (7/15/2026 Tr.) The Delaware Department of Justice and Sehr Rana first moved to withdraw as counsel for Senato on April 28, 2026. (D.I. 66) On the same day, the court issued an order denying the motion to withdraw for failure to comply with District of Delaware Local Rule 83.7, which requires withdrawing counsel to serve the motion to withdraw "on the party client, at least 14 days before the motion is presented, by registered or certified mail addressed to the client's last known address." D. Del. LR 83.7.

2.      On May 19, 2026, the Delaware Department of Justice and Sehr Rana filed a renewed motion to withdraw as counsel for Senato which complied with Local Rule 83.7. (D.I. 68) The renewed motion alleges that counsel has been unable to communicate with Senato and

is therefore unable to effectively represent him. (*Id.*) The court set a hearing on the renewed motion for July 15, 2026 and ordered that Senato, Rana, and Plaintiff were required to attend. (D.I. 70) Senato did not appear at the hearing.

3.    **Legal standard.** In the Third Circuit, "there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal." Instead, the decision to grant a motion to withdraw is within the court's discretion. *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014). Counsel may prevail on a motion to withdraw by "demonstrat[ing] to the satisfaction of the district court that [counsel's] appearance serves no meaningful purpose." *LabMD Inc. v. Boback*, 47 F.4th 164, 190 (3d Cir. 2022) (internal citations and quotation marks omitted). Withdrawing counsel serves no meaningful purpose when "efforts to communicate with [the client] . . . are futile." *Ohntrup*, 760 F.3d at 295. "[I]t would be an abuse of discretion to deny [a] motion to withdraw" when the withdrawing counsel serves no meaningful purpose. *Id.*

4.    **Analysis.** The motion to withdraw confirms that counsel's efforts to communicate with Senato are futile. Counsel has made multiple attempts to contact Senato and has received no response. (D.I. 68 at ¶¶ 6-11) Counsel engaged the services of a private investigator to contact Senato, who confirmed that he had the contact information for the Delaware Department of Justice and "indicated his displeasure at DOJ for contacting him continuously." (*Id.* at ¶ 10) Senato was notified of the order directing him to appear at the hearing on July 15, 2026, and he did not appear. (D.I. 70) On this record, counsel's representation of Senato serves no meaningful purpose. *See Ohntrup*, 760 F.3d at 295.

5.    The renewed motion to withdraw also satisfies the requirements of D. Del. LR 83.7 by including certified mail receipts confirming that service of the motion was made "on the

2

party client, at least 14 days before the motion is presented, by registered or certified mail addressed to the client's last known address." D. Del. LR 83.7 (emphasis added); (D.I. 68-1; D.I. 68-2). Therefore, the motion to withdraw is GRANTED. To facilitate service on Senato going forward, withdrawing counsel is instructed to file a letter on or before July 17, 2026 which provides the court with Senato's last known email and mailing address(es) based on the most current available information.

6.    Having granted the motion to withdraw, Senato proceeds *pro se* and will no longer receive notice of case filings through counsel. Senato is not a participant in CM/ECF and will not receive Notices of Electronic Filing through CM/ECF. Consequently, under District of Delaware Local Rule 5.2(b)(2), Plaintiff must serve on Senato "the original of any pleading or other paper filed with the Court" along with "a certification by the *pro se* party showing how service has been made[.]" D. Del. LR 5.2(b)(2).

7.    During the hearing on July 15, 2026, Plaintiff expressed concern that he would be subject to disciplinary action if he attempted to mail copies of his case filings to the home address of a former correctional officer. (7/15/2026 Tr.) After the hearing, the court consulted with the Clerk of Court and determined that there is no Delaware Department of Corrections policy, rule, or regulation that would prohibit Plaintiff from serving Senato in accordance with the District of Delaware Local Rules. To the extent that Plaintiff requires a court order to demonstrate that he is permitted to serve Senato by mail at his home address, this Memorandum Order shall serve that purpose.

8.    **Conclusion.** For the foregoing reasons, the renewed motion to withdraw as counsel (D.I. 68) is GRANTED as follows:

1. The appearances of Sehr Rana and the Delaware Department of Justice are hereby WITHDRAWN as counsel of record for Senato in his individual capacity only, and they are relieved of all further obligations on behalf of Senato in his individual capacity. Counsel shall continue to represent Senato in his official capacity and defendant Robert Heishman in his individual and official capacity.

2. On or before **July 17, 2026**, Sehr Rana and the Delaware Department of Justice shall file a letter providing the court with Senato's last known email and mailing address(es) based on the most current information in their possession.

IT IS FURTHER ORDERED that Plaintiff's moton to compel discovery (D.I. 69) is GRANTED. On or before **July 17, 2026**, the Delaware Department of Justice shall serve supplemental responses to Plaintiff's interrogatory and request for production of documents. (D.I. 69-1 at 2-3) To the extent that counsel is unable to respond to the interrogatory on behalf of Senato in his individual capacity, counsel may respond on behalf of Senato in his official capacity. Counsel shall also provide a formal response to Plaintiff's request for the production of Security Threat Group / Gang Information emails exchanged between Plaintiff and Internal Affairs.

In addition to mailing a copy of this Memorandum Order to the *pro se* Plaintiff, the Clerk of Court shall mail a copy of this Memorandum Order to *pro se* defendant Senato at the following address:

Kevin Senato
86 Evergreen Drive
Dover, DE 19901

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

4